Lee M. Andelin/UT 10830
**BEUS GILBERT** PLLC
ATTORNEYS AT LAW
4800 NORTH SCOTTSDALE ROAD
SUITE 6000
SCOTTSDALE, ARIZONA 85251
TELEPHONE (480) 429-3000
FAX (480) 429-3100
landelin@beusgilbert.com



Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| BEUS GILBERT PLLC<br>Plaintiff,<br>vs.<br>BRIGHAM YOUNG UNIVERSITY, WEILIN XIE, AND DANIEL L. SIMMONS<br>Defendants. | Case Number:<br><br>**COMPLAINT IN INTERPLEADER** |

Plaintiff, Beus Gilbert PLLC (hereinafter referred to as "Beus Gilbert") for its claim for relief in interpleader alleges as follows:

### NATURE OF INTERPLEADER

This interpleader action, brought pursuant to 28 U.S.C. § 1335 and Rule 22 of the Federal Rules of Civil Procedure, is initiated to determine which defendant is entitled to receive the funds deposited with the Court and available by way of a settlement between Brigham Young

Case: 2:12-cv-00970
Assigned To : Wells, Brooke C.
Assign. Date : 10/17/2012
Description: Beus Gilbert PLLC v.
Brigham Young University et al

University, Dr. Daniel L. Simmons, and Pfizer, Inc., arising out of litigation in the District of Utah.

## PARTIES

1. Plaintiff Beus Gilbert is a professional limited liability company organized under the laws of Arizona.

2. Upon information and belief, Defendant Weilin Xie ("Dr. Xie") is a resident of San Diego County, California. During the time period relevant to the dispute between Dr. Xie and BYU, described below, Dr. Xie was residing in Utah County, Utah, and attending BYU as a graduate student.

3. Defendant Daniel L. Simmons ("Dr. Simmons") is a resident of Utah County, Utah.

4. Defendant Brigham Young University hereinafter ("BYU") has its primary place of business in Utah County, Utah.

## VENUE AND JURISDICTION

5. Venue is proper in the above-entitled court pursuant to 28 U.S.C. § 1397 in that Defendant BYU has its principal place of business in Utah County, Utah.

6. Jurisdiction is proper pursuant to 28 U.S.C. § 1335 because Dr. Xie and Dr. Simmons are citizens of different states, and the proceeds in Plaintiff's custody and being interplead into the Court exceeds $500.

## CLAIM FOR RELIEF

7. Beus Gilbert represented Dr. Simmons and BYU in the case *BYU v. Pfizer*, 2:06-CV-890-TS (BCW), in the United States District Court for the District of Utah. That case settled

in April 2012. Pursuant to the settlement agreement, Pfizer wired a settlement payment to Beus Gilbert in June 2012.

8. BYU and Dr. Simmons determined how the settlement proceeds were to be divided through a series of meetings involving BYU personnel.

9. After receiving the settlement, Beus Gilbert disbursed the funds as directed by BYU, except for one million dollars ($1,000,000) which BYU instructed Beus Gilbert to retain for Dr. Xie.

10. Through counsel, Dr. Xie has made various arguments related to the allocation of funds to him and, to date, he has failed to sign the agreement that would allow Beus Gilbert to disburse those funds held in the firm's trust account for his benefit per the instructions of our client, BYU.

11. Beus Gilbert cannot determine who is entitled to what amount of the one million dollars ($1,000,000) in its possession. As such, Beus Gilbert may be exposed to double or multiple liability, unless the funds are interpleaded with the Court, and the Court determines who is entitled to what amount of the funds.

12. The rights of each of the Defendants should be ascertained and determined by this Court in this proceeding. Pursuant to 28 U.S.C. § 2361, the Court should restrain Dr. Xie, BYU, and Dr. Simmons from instituting, prosecuting, or proceeding with any action affecting the $1,000,000, and issue any injunctive order necessary to accomplish this end.

13. Upon approval by the Court, Beus Gilbert will deposit with the Clerk of Court the sum of one million dollars ($1,000,000). Once it has made this deposit, Beus Gilbert should be discharged from any further involvement in this action.

WHEREFORE, Plaintiff Beus Gilbert prays for relief as follows:

A. Allow Plaintiff to interplead the one million ($1,000,000);

B. Require Defendants to litigate their differences;

C. Restrain each of the Defendants from instituting any action against Plaintiff for the recovery of the monies, or any part thereof, that are the subject of this action;

D. Determine which of the Defendants is entitled to the monies that are the subject of this action;

E. Enjoin Defendants from prosecuting, or proceeding with any action affecting the $1,000,000;

F. Discharge Plaintiff from any and all liability;

G. Grant Plaintiff any other relief the Court deems just and proper.

DATED this 17th day of October 2012.

By _____
Lee M. Andelin
Beus Gilbert PLLC
4800 N. Scottsdale Road
Suite 6000
Scottsdale, AZ 85251

BGD-#153702-v3-Interpleader_-_BYU_and_Xie.DOCX