Robert S. Clark (4015) (rclark@parrbrown.com)
Chad S. Pehrson (12622) (cpehrson@parrbrown.com)
PARR BROWN GEE & LOVELESS
185 South State St., Suite 800
Salt Lake City, Utah 84111
Telephone: (801) 532-7840
Facsimile: (801) 532-7550

*Attorneys for Defendant Brigham Young University*

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| BEUS GILBERT PLLC,<br><br>Plaintiff/Stakeholder,<br><br>vs.<br><br>BRIGHAM YOUNG UNIVERSITY, WEILIN XIE, DANIEL L. SIMMONS,<br><br>Defendants/Claimants. | **BRIGHAM YOUNG UNIVERSITY'S OPPOSITION TO WEILIN XIE'S MOTION TO DISMISS COMPLAINT (DOC. NO. 15)**<br><br>Case No. 2:12-cv-00970-TS<br><br>Honorable Robert J. Shelby |

Defendant/Claimant Brigham Young University ("BYU"), through counsel, hereby opposes the "Motion to Dismiss Complaint in Interpleader" filed on January 7, 2013 by co-Defendant/Claimant Weilin Xie ("Xie") pursuant to Rule 12(b)(1) (Doc. No. 15).  Xie has since filed a separate Motion to Dismiss (Doc. No. 36), which is not addressed in this opposition.  To the extent that the later-filed Motion raises jurisdictional issues on which BYU has a position, BYU will respond at a later date in accordance with DUCivR 7-1(b)(3)(A).

BYU has an interest in proper disposition of the funds currently in the Court's possession, and thereby opposes any effort to seek dismissal of this Court's proper jurisdiction. The $1,000,000 presently on deposit with the Court is subject to internal administrative proceedings at BYU that should involve both of the other Claimants in this Action.  BYU has a claim to, along with rights and duties with respect to, the funds on deposit with this Court.  BYU also has an interest in and right to protect the integrity and enforceability of its internal policies. Because this Court has proper jurisdiction, Defendant Xie's Motion (Doc. No. 15) should be denied.

## RELEVANT FACTS

1.  In early October 2012, Claimant/Defendant Weilin Xie ("Xie") filed a complaint with the Arizona Bar Association against Plaintiff/Stakeholder Beus Gilbert PLLC ("Beus Gilbert").  This complaint was recently dismissed.

2.  Shortly after the bar complaint was filed, on October 17, 2012, Plaintiff/Stakeholder Beus Gilbert PLLC (hereinafter "Beus Gilbert") filed a Complaint initiating the instant Interpleader Action (hereinafter "Interpleader Complaint"), averring that it sought to avoid being exposed to double or multiple liability in relation to multiple, conflicting claims to the $1,000,000 then in its possession.  [Doc. No. 1, ¶ 11].

3.  On October 18, 2012, Beus Gilbert filed a Motion to deposit the $1,000,000 with the Court, asserting to the Court that all relevant procedural and jurisdictional grounds were satisfied.  [Doc. No. 6.]

4. On November 6, 2012, the Court granted Beus Gilbert's Motion pursuant to 28 U.S.C. § 1335 and ordered the Court Clerk to accept deposit of the $1,000,000 (hereinafter, the "Interpleaded Funds"). [Doc. No. 7.]

5. On January 7, 2013, Xie filed a Motion to Dismiss the Interpleader Complaint, asserting lack of subject matter jurisdiction. [Doc. No. 15.] Two affidavits were filed along with the Motion. [Doc. Nos. 16-17.] This Motion, among other things, avers that "Dr. Xie intends to file a complaint as to the unauthorized release of approximately $130 million." [Doc. No. 15, p. 6.] The Motion further avers that the Interpleader Action stands in the way of Xie's right to choose his own forum for litigation. [Doc. No. 15, p. 6. ("As a putative plaintiff, Dr. Xie has the option of filing that lawsuit in the most appropriate forum . . . .").] This planned complaint will directly relate to and affect each Claimant's entitlement to the Interpleaded Funds.

6. On January 10, 2013, Defendant/Claimant Daniel Simmons ("Simmons") filed an Answer to the Interpleader Complaint. Simmons pleads that Xie did not perform the requisite task of signing a Developer Distribution Agreement so as to enable entitlement to the $1,000,000: "The $1,000,000 that had been designated for Xie, however, was not distributed pending Xie's signature and his release of BYU per the Developer Distribution Agreement . . . . Thereafter . . . he refused to sign the Developer Distribution Agreement." [Doc. No. 24, ¶¶ 51-52.] Simmons further pleads that there is a dispute regarding the $1,000,000, and asks the Court for a declaration as to his rights to the $1,000,000—a declaration to be obtained "pending the completion of the dispute resolution process compelled by BYU's IP Policy." [Doc. No. 24, p. 14]

7. Simmons' Answer included a Cross-Claim against Co-Claimant Xie. [Doc. No. 24.]

8. On February 1, 2013, Defendant/Claimant BYU filed its Answer to the Interpleader Complaint, including Cross-Claims against both Xie and Simmons seeking a declaratory judgment as to the binding nature of the Policy and related BYU proceedings. [Doc. No. 34.] In its pleading, BYU asserts that it presently holds title to the Interpleaded Funds while also acknowledging that in time, one of the other Claimants may accrue a rightful claim. [*E.g.* Doc. No. 34, ¶ 25 ("The only valid claim that anyone other than BYU may have to the Interpleaded Funds is by way of satisfying the conditions set forth in the Policy. In the absence of one or more Developers satisfying the conditions to distribution, and until the internal process set out in the Policy has been completed, BYU holds title to the Interpleaded Funds.")]

9. On February 4, 2013, Xie filed a Motion seeking to dismiss Simmons' cross-claim. [Doc. No. 35.] In this Motion, Xie indicated his desire to sue BYU and Simmons in a different forum. [Doc. No. 35, p. 21 ("Dr. Xie intends to assert claims against BYU and Simmons concerning the unlawful distribution of the Pfizer settlement proceeds"); p. 28 ("Dr. Xie has numerous claims arising in contract, quasi contract and tort against BYU and Simmons . . . ."); p. 29 ("Dr. Xie can assert his claims . . . in other forums such as San Diego, California").] In the near future, per DUCivR 7-1(b)(3)(A), BYU anticipates filing a responding brief, addressing some of the jurisdictional arguments presented in this Motion which relate to BYU's interests in this Action.

## ARGUMENT

### I. This Court Has Subject Matter Jurisdiction.

The pleadings in this case to date demonstrate that every legal requirement for subject matter jurisdiction is met, and furthermore that this situation fits the policy rationales for the interpleader device. Therefore, Xie's Motion (Doc. No. 15) challenging subject matter jurisdiction must be denied.

#### A. Jurisdiction and Interpleader are Proper Pursuant to 28 U.S.C. § 1335.

According to its allegations in the Complaint, Plaintiff/Stakeholder Beus Gilbert PLLC ("Beus Gilbert") filed the Interpleader Complaint pursuant to both 28 U.S.C. § 1335 and Rule 22. [Doc. No. 1, p. 1.] The Court granted Plaintiff's Motion to Deposit funds "[p]ursuant to 28 U.S.C. § 1335." [Doc. No. 7, p. 1.]

For jurisdiction to exist pursuant to Section 1335, two or more of the claimants must be diverse, the amount in controversy must be $500 or more, and the funds must be deposited with the Court. 28 U.S.C. § 1335; *see also Life Ins. Co. of North Am. v. Jenkins-Dyer*, No. 08-cv-2129, 2009 WL 297481, at *2 (D. Kan. Feb. 6, 2009) (setting forth the three requirements). In relevant part, Section 1335 states as follows:

> The district courts shall have original jurisdiction of any civil action of interpleader or in the nature of interpleader filed by any person, firm, or corporation, … having in his or its custody or possession money or property of the value of $500 or more, … if (1) Two or more adverse claimants, of diverse citizenship as defined in section 1332 of this title, are claiming or may claim to be entitled to such money or property . . . and if (2) the plaintiff has deposited such money or property . . . .

28 U.S.C. § 1335. As to Section 1335, the Supreme Court explained: "This provision has been uniformly construed to require only 'minimal diversity,' that is, diversity of citizenship between

1

two or more claimants, without regard to the circumstance that other rival claimants may be co-citizens." *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 530–531 (1967).

Here, the Complaint alleged that Xie's citizenship is California. [Doc. No. 1, ¶ 2.] Xie has acknowledged that citizenship via declaration. [Doc. No. 35-1, ¶ 1.] Meanwhile, BYU has pleaded its citizenship is Utah. [Doc. No. 34, ¶ 4.] Simmons has pleaded his citizenship is Utah. [Doc. No. 24, ¶ 3.] Therefore, "diversity of citizenship of two or more claimants" is present. Furthermore, funds exceeding $500 have already been deposited with the Court. [*See* Doc. No. 10.] Therefore, "original jurisdiction" for an interpleader action pursuant to Section 1335 is unconditionally satisfied. Notably, Section 1335 expresses the jurisdictional grant in mandatory terms, stating that "the district courts ***shall have*** original jurisdiction . . . ." 28 U.S.C. § 1335 (emphasis added).

### B. As an Alternate Basis, Jurisdiction and Interpleader Are Proper Pursuant to 28 U.S.C. § 1332 and Rule 22.

Although the Court has already found Section 1335 jurisdiction, [Doc. No. 10], and such jurisdiction indisputably exists, as an alternative argument, jurisdiction could also be found under 28 U.S.C. § 1332, with interpleader proper under Rule 22. These jurisdictional grounds, so-called "Rule Interpleader," differ from Section 1335 jurisdiction. Rule 22 provides the procedural vehicle for joinder of claimants, but by itself, it does not provide federal subject matter jurisdiction. Fed. R. Civ. P. 82 (federal rules "do not extend or limit the jurisdiction of the federal courts"). So, for Rule Interpleader, a federal court must have some other basis for jurisdiction, most frequently federal question or diversity jurisdiction. *See Am. Family Mut. Ins. Co. v. Roche*, 830 F. Supp. 1241, 1244 (E.D. Wis. 1993) (explaining that Rule 22 was

promulgated to provide interpleader when statutory requirements are not met but general federal court requirements are met).

To satisfy diversity jurisdiction under Section 1332, the amount in controversy must exceed $75,000 and the controversy must be between "citizens of different states." 28 U.S.C. § 1332(a)(1). For "complete diversity" in a "Rule" interpleader action, the *stakeholder* must be a citizen of a different state from every *claimant. See Leimbach v. Allen*, 976 F.2d 912, 916 (4th Cir. 1992) (holding that New York insurance companies were diverse stakeholders from both claimants, citizens of Maryland, for purposes of diversity jurisdiction under 28 U.S.C. § 1332). Professor Moore explains that in Rule Interpleader actions premised upon Section 1332 diversity jurisdiction, "[i]t is immaterial that some claimants are co-citizens. The question is whether all claimants are of diverse citizenship from the stakeholder." 4-22 Moore's Federal Practice § 22.04 (2013).

In this case, while it is merely an "alternative" grounds, these requirements for diversity jurisdiction pursuant to Section 1332 are met. Stakeholder Beus Gilbert is a citizen of Arizona. [Doc. No. 1, ¶ 1.] Meanwhile, as explained *supra*, the Claimants are citizens of California and Utah. [Doc. No. 1, ¶¶ 1-4; Doc. No. 24, ¶ 3; Doc. No. 34, ¶ 4; Doc. No. 35-1, ¶ 1.]

**II.  Interpleader is Proper.**

Interpleader is proper where two or more adverse claimants "***are claiming or may claim*** to be entitled to such [deposited] money or property." 28 U.S.C. §1335 (emphasis added). Wright & Miller explain as follows:

> Interpleader, whether statutory or under Rule 22 . . . affords a party who fears being exposed to the vexation of defending multiple claims to a limited fund or property that is under his control a procedure to settle the controversy and satisfy

> his obligation in a single proceeding.  It must be remembered that the aims of interpleader are in harmony with the flexible joinder provisions of the federal rules, and many decisions hold that the interpleader provisions, both rule and statute, are remedial in character and should be applied liberally . . . .
>
> The primary test for determining the propriety of interpleading the adverse claimants and discharging the stakeholder . . . is whether the stakeholder legitimately fears multiple vexation directed against a single fund.

Wright, Miller & Kane, *Federal Practice and Procedure* § 1704 (2013).

This Court has already found good cause for interpleading the funds. [Facts ¶ 4.] Furthermore, as discussed in more detail *infra*, the pleadings and motion practice to date demonstrate that each claimant avers, consistent with Section 1335 jurisdiction, that it "is or may" be entitled to the deposited $1,000,000. [Facts ¶¶ 5, 6, 8.] Furthermore, Beus Gilbert has averred that it fears multiple claims, and it fears double or multiple liability. [Facts ¶ 2.] This fear appears justified both at the time of filing and at present, as before this Interpleader was filed, Xie filed a bar complaint in Arizona against Beus Gilbert relating to the same transaction and occurrence at issue in this case. [Facts ¶ 1.] Furthermore, in briefing before this Court, Xie has indicated its interest in suing Beus Gilbert. [Facts ¶ 5.]

The instant Motion's arguments to the contrary are two-fold. Xie first claims that Interpleader is improper because there are not multiple claims to the Stake, and thus Beus Gilbert has no fear of vexation or the hazard of conflicting claims. [Doc. No. 15, p.12.]  He then argues that interpleader jurisdiction cannot be used by the stakeholder to select a venue of the stakeholder's own choosing. [Doc. No. 15, p.13.]  These arguments are not supported by either the facts of record in this case or governing law.

  **A.  Pleadings and Motion Practice in *This* Case Demonstrate BYU, Simmons, *and* Xie Each Claim the Interpleaded Funds; Therefore, Stakeholder Beus Gilbert Legitimately Fears MultipleVexation.**

  Xie incorrectly claims that jurisdiction is "improper because there is no reasonable fear of exposure to double liability or vexation of conflicting claims as to the $1 million sought to be interpleaded.  Neither Brigham Young University ("BYU") nor Dr. Simmons ("Simmons") has asserted, or can assert, a claim to this amount."  [Doc. No. 15, p. 2.]

  This allegation does not match the record in this matter, as both Simmons and BYU have filed Answers in this Action with specific averments that contradict Xie's characterizations.  [Facts ¶¶ 6, 8.]  Simmons has never acknowledged that Xie is presently entitled to the funds, but rather has pleaded that Xie did not perform the requisite task of signing a Developer Distribution Agreement: "The $1,000,000 that had been designated for Xie, however, was not distributed pending Xie's signature and his release of BYU per the Developer Distribution Agreement . . . .  Thereafter . . . he refused to sign the Developer Distribution Agreement."  [Facts ¶ 6.]  Meanwhile, BYU asserts that it holds title to the Interpleaded Funds subject to completion of its internal processes, stating as follows: "The only valid claim that anyone other than BYU may have to the Interpleaded Funds is by way of satisfying the conditions set forth in the Policy.  In the absence of one or more Developers satisfying the conditions to distribution, and until the internal process set out in the Policy has been completed, BYU holds title to the Interpleaded Funds."  [Facts ¶ 8.]  Thus, the Motion's averments are demonstrably false.

  This demonstrated adversity as to the Interpleaded Funds gives rise to the necessary "vexation."   Interpleader is appropriate where the "vexation and expense of possible multiple litigation" exists.  Wright, Miller & Kane, *Federal Practice and Procedure* § 1704 (2013)

(noting that "Courts have expressed this standard with varying language, but most stress that the vexation and expense of possible multiple litigation warrants the use of interpleader").  In this matter, the necessary "possibility" is already established fact.  Xie first filed a bar complaint with the Arizona Bar Association.  [Facts ¶ 1.]  And in briefing before this Court, Xie has multiple times asserted his intent to sue Beus Gilbert, Simmons and BYU in San Diego. [Facts ¶¶ 5, 9.]

**2.  Xie's Evident Frustration with this Forum Is Not Dispositive of (or Even Relevant to) the Propriety of Interpleader.**

Xie asserts in the Motion that this Interpleader action is the "tail wagging the dog," and also accuses Beus Gilbert of "forum shopping."  [Doc. No. 15, pps. 14-15.]  And yet, 28 U.S.C. § 1397 establishes the right of the stakeholder to bring the interpleader in the judicial district where "one or more claimant" resides.  28 U.S.C. § 1397 ("Any civil action of interpleader or in the nature of interpleader under section 1335 of this title may be brought in the judicial district in which one or more of the claimants reside.").  In short, Xie's accusation of "forum shopping" is belied by the simple fact that Beus Gilbert complied with the Federal Rules of Civil Procedure.

Furthermore, Xie's argument ignores the justified interests of the Stakeholder and the other Claimants.  As discussed *supra*, all of the requirements for interpleader jurisdiction have been met.  Furthermore, the interpleader device as applied to this situation efficiently addresses numerous procedural, jurisdictional, and venue concerns that would otherwise plague alternative litigation contemplated by Xie.  For instance, 28 U.S.C. § 2361 provides for nationwide service on all claimants and allows injunction of other court proceedings affecting the stake.  *Equitable Life Assurance Soc'y v. Porter-Engelhart*, 867 F.2d 79, 89 (1st Cir. 1989) (explaining that interpleader is intended to facilitate joinder into one action).  In an analogous situation adjudicated by the District of Colorado, a bank, managing an escrow and facing competing

6

claims for the remaining balance, interpleaded the remaining funds.  *Cockrell v. United Bank of Denver Nat'l Assoc.*, 664 F. Supp. 1398, 1499 (D. Col. 1987) (noting the "myriad of claims, crossclaims, and counterclaims" which had arisen in the case and stating "I can hardly imagine a situation in which the historically equitable device of interpleader would be more appropriate."). Finally, Xie's attempts to limit the proper scope of interpleader actions cite outdated case law and ignore modern jurisprudence, which respects the broad joinder provisions of the Federal Rules of Civil Procedure and encourages hearing of cross-claims between claimants.  *E.g. Andrus v. Northwestern Mut. Life Ins. Co.*, No. 08-cv-391, 2009 WL 1550806, at *1 (D. Utah 2009) ("When the Court has original jurisdiction over the primary claims . . . it also exercises supplementary jurisdiction over claims between claimants, pursuant to 28 U.S.C. § 1367."); *William Penn Life Ins. Co. of New York v. Viscuso*, 569 F. Supp. 2d 355, 361 (S.D.N.Y. 2008) ("Where there are multiple claims to the stake as well as counterclaims against the stakeholder, interpleader is proper, and the court may discharge the plaintiff from liability on the stake but retain jurisdiction over the plaintiff for purposes of adjudicating the counterclaims."); Wright, Miller & Kane, *Federal Practice & Procedure* § 1715 (2013) ("[T]he addition of a cross-claim will not pose any difficulties or unduly complicate the action because Rule 13(g) requires the claim to arise out of the transaction or occurrence or relate to the property that is the subject matter of the original interpleader action.").

## CONCLUSION

This Court has jurisdiction over this Interpleader Action.  The challenges raised in Xie's Motion (Doc. No. 15) fail.  Also, BYU's view is that this Interpleader Action is an ideal vehicle for the most efficient, convenient, and expeditious adjudication of the competing claims to the

7

Interpleaded Funds, along with any other claims that are proper under the Rules.  Such claims include BYU's cross-claims against the other Claimants seeking a declaratory judgment from this Court as to the binding nature of BYU's IP Policy and ongoing proceedings under that Policy.  Accordingly, the Court should deny Defendant/Claimant Xie's Motion to Dismiss (Doc. No. 15).

Respectfully Submitted this 25th day of February, 2013.

                                      Parr Brown Gee & Loveless

                                    By /s Robert S. Clark
                                          Robert S. Clark
                                          Attorneys for Defendant Brigham Young University

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 25th day of February 2013, I electronically filed the foregoing OPPOSITION TO MOTION TO DISMISS with the Clerk of Court using the CM/ECF system which sent notification of such filing to the following:

**Lee M. Andelin**
Beus Gilbert PLLC
701 N 44TH ST
Phoenix, AZ 85008

**Marc T. Rasich**
Stoel Rives
201 S Main ST STE 1100
Salt Lake City, UT 84111-4904

**Brent Hatch and Mark James**
Hatch, James & Dodge, P.C.
10 West Broadway, Suite 400
Salt Lake City, UT 84101

**Pamela J. Naughton, Michael Murphy, and Rebecca S. Roberts**
Sheppard Mullin Richter & Hampton LLP
12275 El Camino Real, Suite 200
Sand Diego, CA 92130-2006

**Francis M. Wikstrom and Kristine E. Johnson**
Parsons Behle & Latimer
201 South Main Street, Suite 1800
Salt Lake City, UT 84111

**J. Michael Hennigan, Roderick Dorman, and Allison K. Chock**
McKool Smith, P.C.
865 S. Figueoria Street, Suite 2900
Los Angeles, California 90017

    /s/ Robert S. Clark