IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| BEUS GILBERT PLLC,<br><br>Plaintiff,<br>          vs.<br><br>BRIGHAM YOUNG UNIVERSITY,<br>WEILIN XIE AND DANIEL SIMMONS<br><br>Defendants. | **ORDER CONSOLIDATING CASES**<br><br>Case No. 2:12-cv-00970<br><br>Judge Robert J. Shelby |

Before the court is Plaintiff Beus Gilbert PLLC's Motion to Consolidate into this interpleader case another interpleader case, *Beus Gilbert PLLC v. Robertson,* Case No. 2:14-cv-00206-BCW.  (Dkt. 98.)  Plaintiff filed the *Robertson* case on March 20, 2014, while this case was briefly stayed at the request of Defendant Weilin Xie.  Now that the stay has been lifted, Plaintiff moves to consolidate that matter into this case.  Defendants Brigham Young University and Daniel Simmons do not oppose this Motion.  (Dkts. 99 and 101.)  Xie opposes consolidation. (Dkt. 100.)

Pursuant to DUCivR 42-1, a party may file a motion to consolidate cases where they:

(i) arise from substantially the same transaction or event;
(ii) involve substantially the same parties or property;
(iii) involve the same patent, trademark, or copyright;
(iv) call for determination of substantially the same questions of law; or
(v) for any other reason would entail substantial duplication of labor or
unnecessary court costs or delay if heard by different judges.

Considering these factors, the court finds and concludes that Plaintiff has clearly set forth in its briefing good cause for consolidation.

First, the two cases arise from the same transactions and events—the settlement funds that Defendants Brigham Young University and Simmons received in resolving a prior case, *Brigham Young University v. Pfizer,* Case No. 2:06-cv-890, and ensuing claims made by persons who assert an entitlement to those funds. These settlement funds include the $1,000,000 at issue in this interpleader case and in the *Robertson* case.

Second, both cases involve the same parties and property. All parties to this case are parties to the *Robertson* case. The only difference is that the *Robertson* case includes Dr. Donald Robertson as a Defendant. The property at issue is the same—the $1,000,000 at issue in this interpleader case.

Third, both cases call for the determination of the same questions of law. In both cases, the central issue in dispute is the parties' respective rights to the same $1,000,000. Consolidation here eliminates the risk of inconsistent judgments concerning these funds.

Fourth, although *Robertson* case was just filed, and this case was filed in 2012, this case remains in its infancy from a procedural standpoint due to several extensions in briefing schedules that Xie requested, three separate stays in this case—two of which Brigham Young University requested and one of which Xie requested.

The court concludes that Xie's contentions do not overcome Plaintiffs' strong showing in favor of consolidation. Xie's argues that that consolidation might result in added costs and delay in this case and possibly in settlement discussions. Further, Xie argues that the facts of this case and the *Robertson* case are different because Dr. Robertson has not stated an intention to file a claim against the Plaintiff, Beus Gilbert. But this case and the *Robertson* case are both in early procedural stages, and consolidation will likely not substantially delay this litigation. Settlement

discussions could proceed whether these cases continue separately or as one consolidated action. And, that Dr. Robertson has not yet alleged a claim against the Plaintiff cannot outweigh the above-discussed factors weighing in favor of consolidation.

Accordingly, for good cause shown, the court GRANTS Plaintiff Beus Gilbert PLLC's Motion to Consolidate and ORDERS that *Beus Gilbert PLLC v. Robertson,* Case No. 2:14-cv-00206-BCW, be consolidated into the above-captioned action for all purposes. All documents pertaining to either matter henceforth shall be filed on the lower-numbered docket.

Dated this  16th  day of May, 2014.

                          BY THE COURT:

                          _____
                          The Honorable Robert J. Shelby
                          United States District Court Judge