Robert S. Clark (4015) (rclark@parrbrown.com)
Chad S. Pehrson (12622) (cpehrson@parrbrown.com)
PARR BROWN GEE & LOVELESS
185 South State St., Suite 800
Salt Lake City, Utah 84111
Telephone: (801) 532-7840
Facsimile: (801) 532-7550

*Attorneys for Defendant Brigham Young University*

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| BEUS GILBERT PLLC,<br><br>    Plaintiff,<br>vs.<br><br>BRIGHAM YOUNG UNIVERSITY,<br>WEILIN XIE, DANIEL L. SIMMONS<br>AND DONALD ROBERTSON,<br><br>    Defendants/Claimants. | **ANSWER AND CROSS-CLAIM OF BRIGHAM YOUNG UNIVERSITY**<br><br>Case No. 2:12-cv-00970-TS (Lead Case)<br><br>Case Number: 2:14-cv-00206-BCW<br><br>Judge: Honorable Robert J. Shelby |

Defendant Brigham Young University ("BYU") through its undersigned counsel, hereby answers the Interpleader Complaint dated March 20, 2014 filed by Plaintiff Beus Gilbert PLLC, originally in the 14-cv-206 Action.  This Complaint is herein referred to as the Second Interpleader Complaint. The 14-cv-206 Action, including the Second Interpleader Complaint, was recently consolidated with the 12-cv-970 Action.

On February 1, 2013 BYU previously answered an Interpleader Complaint filed on October 17, 2012 (the "First Interpleader Complaint.").  The principal difference between the two Interpleader Complaints is that the Second interpleader Complaint added Donald Robertson as an additional Defendant.  BYU's 2/1/13 Answer properly responded to the First Interpleader

1

Complaint, and further brought cross-claims against co-defendants/claimants Xie and Simmons. Simmons has already answered the cross-claim filed by BYU against him. Xie's answer to BYU's cross-claim is pending, having been delayed for a period of time pursuant to certain extensions and stays granted by the Court. For the sake of convenience in allowing the parties and the Court to correlate BYU's response with the numbered paragraphs of the Second Interpleader Complaint, the instant Answer repeats (where applicable) admissions and denials presented by BYU in the 2/1/13 Answer. BYU's cross-claims asserted in the 2/1/13 Answer are not repeated in this Answer, but they are not waived and are expressly reserved. Thus, BYU does not assert that this Answer or the cross-claim asserted herein require any response from Simmons or Xie. The instant Answer differs from the 2/1/13 Answer in the following additions: it responds to any newly filed allegations, most of which relate to Robertson, and asserts its cross-claim against recently added Defendant Robertson.

BYU answers as follows:

1. Admit.
2. Based on information and belief, admit.
3. Based on information and belief, admit.
4. Based on information and belief, admit.
5. Admit.
6. Admit.
7. Admit.
8. Admit.
9. Admit. BYU affirmatively alleges that it directed Beus Gilbert to disburse

funds based on its then-understanding that Dr. Simmons and Dr. Xie had both agreed to the division discussed among them.

10. Admit that Dr. Xie has failed to sign an agreement that would allow distribution of any funds to him. As to the remainder of the allegations in Paragraph 10, for lack of knowledge or information sufficient to form a belief as to the truth thereof, deny.

11. Paragraph 11 does not include any allegations asserted against BYU, and therefore no response is required, but to the extent a response may be appropriate, on information and belief BYU admits the allegations of Paragraph 11. BYU affirmatively alleges BYU has an interest in proper disposition of the funds currently in the Court's possession. BYU further affirmatively alleges that the $1,000,000 is subject to internal administrative proceedings that have been and are being managed by BYU and that involve the individual Defendants in this Action.

12. Admit.

13. Admit that the Subcommittee's proceedings relating to the Xie-Simmons dispute, the accompanying Report and Recommendation, and the Associate Academic Vice President's Report was concluded by February 25, 2014, that the resolution was confidential, and that the stay in the interpleader case was extended; otherwise deny.

14. Paragraph 14 does not include any allegations asserted against BYU, and therefore no response is required, but to the extent a response may be appropriate, BYU admits that Dr. Robertson has made a claim to developer funds.

15. Admit.

To the extent any response is required to Plaintiff's prayer for relief, BYU affirmatively responds that BYU has rights and duties with respect to the funds on deposit with this Court, and an interest in and right to protect the integrity and enforceability of its internal policies, as explained below.

## CROSS-CLAIM FOR DECLARATORY RELIEF

Defendant BYU asserts that it has an interest in and claim to the interpleaded fund, and a right to preserve the integrity of its internal policies. In furtherance thereof, as part of its 2/1/13 Answer, BYU has asserted cross-claims against Defendants Daniel L. Simmons and Weilin Xie, and hereby now asserts the following cross-claim against Defendant Donald Robertson.

16. This Cross-Claim relates to the same factual matters asserted in the First Interpleader Complaint and Second Interpleader Complaint filed in this action, including, without limitation, the funds on deposit with this Court.

17. Thus, this Court has jurisdiction under 28 U.S.C. §§ 1335 and 1367 and Rules 13 and 22 of the Federal Rules of Civil Procedure.

18. This Cross-Claim is also properly before the Court pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure because it involves an actual controversy among the Parties and a request that the Court declare the rights and other legal relations of the Parties hereto.

19. While employed at BYU, Defendants Simmons, Xie and Robertson participated in research related to the Cox-2 enzyme. In more recent years, Simmons and BYU were parties to litigation with Pfizer, Inc. Xie, Robertson, and Simmons gave deposition testimony during the course of that litigation.

20. The Pfizer, Inc. lawsuit eventually resulted in the receipt of certain settlement funds by BYU. The disposition of a portion of those settlement funds is at issue in the instant Interpleader Action. This Cross-Claim seeks a declaration with respect to BYU's rights in connection with its internal policies, and resolution of disputes related to any and all competing claims to any portion of the settlement funds.

21. BYU has implemented an "Intellectual Property Policy" (hereinafter, the "Policy"), which is attached hereto as Exhibit A. The Policy "defines the rights and responsibilities of all involved" in the creation of intellectual property at BYU. [Policy, Ex. A, at 3.]

22. The Policy states that participants agree to disclose, transfer and assign to BYU all intellectual property rights in exchange for a percentage share of certain proceeds that flow from the relevant University intellectual property, subject to the conditions set forth in the Policy. [Policy, Ex. A, at 15.] The Policy sets forth that without an express agreement specifying otherwise, BYU owns title to all intellectual property developed by University personnel within the scope of their employment. [Policy, Ex. A, at 5.] The Policy offers a potential share of proceeds to those individuals determined to be "Developers" under the Policy. [Policy, Ex. A, at 15.]

23. The Policy sets forth criteria under which Developer status is determined. [Policy, Ex. A, at 13-18.] Both Simmons and Xie have been determined under Policy procedures to be Developers. Robertson has asserted that he should qualify as a Developer.

24. The Policy affords Developers an opportunity to agree amongst themselves as to the appropriate formula to share the Developers' portion of the distributed revenues. [Policy,

Ex. A, at 13-14.]

25. In the event that the Developers do not agree, the Policy sets forth dispute resolution procedures. [Policy, Ex. A, at 20.] The Policy contemplates that a University council will appoint a subcommittee to "investigate the dispute and make a recommendation for resolution to the associate academic vice president for research, who will make the final determination in consultation with the academic vice president." [Policy, Ex. A, at 20.]

26. Prior to receiving a distribution under the Policy, a Developer must sign an "Income Distribution Agreement," and the distribution must be approved by specified University personnel. [Policy, Ex. A, at 14.]

27. The only valid claim that anyone other than BYU may have to the Interpleaded Funds is by way of satisfying the conditions set forth in the Policy. In the absence of one or more Developers satisfying the conditions to distribution, and until the internal process set out in the Policy has been completed, BYU holds title to the Interpleaded Funds.

28. Over the past several months, BYU instituted Policy administrative procedures to address a dispute under the Policy between Xie and Simmons. Specifically, an academic subcommittee was appointed to investigate the dispute and make a recommendation for resolution to BYU's Associate Academic Vice President for Research. In February 2014, the Subcommittee issued its recommendation, and the Associate Academic Vice President for Research issued his decision ("Decision").

29. Subsequent to the Decision, counsel for BYU circulated documents required under the Policy to Xie and Simmons that would finalize the Policy procedures and allow for the distribution and re-allocation of the developer's share. Xie and Simmons have not

yet executed these documents.

30. Also subsequent to the Decision, counsel for Dr. Robertson wrote to the Chair of the Academic Subcommittee, copying BYU's counsel, and stating that he was writing "in a formal effort to assert Dr. Robertson's claims."

31. Thus, it appears that while the Policy proceedings relevant to the dispute between Xie and Simmons would be complete upon signing of Income Distribution Agreements, if Simmons, Xie, and Robertson are unable to agree with respect to whether Robertson is a developer and, if so, an allocation of proceeds among the three of them, there may be a need for additional Policy proceedings relating to the recent claim made by Dr. Robertson.

32. BYU has an ongoing material interest in ensuring the integrity and effectiveness of the Policy.

33. Based upon the aforementioned events involving Xie, Simmons and Robertson, there is a genuine controversy with respect to the status of the Parties under the Policy and their respective entitlement to distribution of the Interpleaded Funds.

34. In addition, there is a genuine controversy with respect to the binding nature of BYU's dispute resolution process.

35. The Parties' rights, if any, to the Interpleaded Funds should be determined pursuant to University procedures specified by the Policy. It is not possible for this Court or any court to replicate those procedures.

WHEREFORE, Defendant BYU respectfully requests that the Court:

A. Allow BYU to proceed under its Policy;

B. Enter an order declaring that final decisions of BYU rendered pursuant to the Policy are and will be binding on the Parties;

C. At the conclusion of BYU's internal dispute resolution process under the Policy, enter final judgment consistent with the decision reached by BYU under the Policy; and

D. Grant BYU such additional relief that the Court determines to be proper.

DATED this 2nd day of June 2014.

           PARR BROWN GEE & LOVELESS, P.C.

           /s Robert S. Clark
           Robert S. Clark

           Attorneys for Defendant Brigham Young University

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2nd day of June 2014, I filed the foregoing **ANSWER AND CROSS-CLAIM OF BRIGHAM YOUNG UNIVERSITY** via the CM/ECF system, which electronically served the following:

**Lee M. Andelin**
Beus Gilbert PLLC
701 N. 44th State
Phoenix, AZ 85008

**James Jardine and Sam Straight**
Ray Quinney & Nebeker
36 S. State Street
Salt Lake City, UT 84111

**Brent Hatch and Mark James**
Hatch, James & Dodge, P.C.
10 West Broadway, Suite 400
Salt Lake City, UT  84101

**Frederick A. Lorig**
**James R. Asperger**
**Joseph M. Paunovich**
Quinn Emanuel Urquhart & Sullivan, LLP 86 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017

**Francis M. Wikstrom and Kristine E. Johnson**
Parsons Behle & Latimer
201 South Main Street, Suite 1800
Salt Lake City, UT  84111

**J. Michael Hennigan, Roderick Dorman, John F. Garvish II**
McKool Smith, P.C.
865 S. Figueoria Street, Suite 2900
Los Angeles, California 90017

**Jerry Salcido**
jerry@salcidolaw.com
Salcido Law Firm PLLC
43 W 9000 S Ste B
Sandy UT 84070

**Seyamack Kouretchian**
seyamack@coastlawgroup.com
Coast Law Group, LLP
1140 South Coast Highway 101
Encinitas, CA 92024

                                                  **/s Andrea Foutz**