IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| BEUS GILBERT PLLC,<br><br>                Plaintiff,<br><br>v.<br><br>BRIGHAM YOUNG UNIVERSITY,<br>WEILIN XIE, DANIEL L. SIMMONS,<br>AND DONALD L. ROBERTSON TRUST,<br><br>                Defendants. | MEMORANDUM DECISION AND ORDER DENYING ROBERTSON TRUST'S MOTION FOR RULE 54(b) CERTIFICATION<br><br>Case No. 2:12-CV-970-TS-CMR<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant Robertson Trust's ("the Trust") Motion for Rule 54(b) Certification. For the reasons discussed below, the Court will deny the Trust's Motion.

I.       BACKGROUND

In 1992, BYU biochemists discovered the COX-2 enzyme. After BYU communicated its discovery to Pfizer, Pfizer developed Celebrex, a nonsteroidal anti-inflammatory drug. In 2006, BYU sued Pfizer for misappropriation of trade secrets, and the parties settled in 2012.[1] BYU's counsel, Beus Gilbert PLLC, received $450 million from Pfizer as part of the settlement (the "Settlement Funds"). Of the $450 million, Beus Gilbert allocated 55% of the funds to BYU and 45% to be distributed to the biochemists responsible for the discovery. BYU's 2001 Intellectual Property Policy (the "2001 Policy") and corresponding university administrative procedures dictated that Dr. Weilin Xie and Dr. Daniel L. Simmons were the developers of the COX-2

---

[1] *Brigham Young Univ. v. Pfizer*, No. 2:06-cv-00890-TS.

enzyme. Subsequently, Dr. Donald L. Robertson claimed he was also entitled to a portion of the Settlement Funds and asserted a breach of contract claim. Robertson has since passed away and the Trust, his successor in interest, was substituted as a party to the case.

In February 2019, this Court, per the Honorable Robert J. Shelby, dismissed the Trust's breach of contract claims. However, on appeal, the Tenth Circuit reversed in-part stating that "[t]he Trust plausibly alleged that Dr. Robertson and BYU had entered into implied contracts governed only by the IP Policies in effect between 1989 and 1992 and adopted in 1992."[2] On remand, the Trust filed its amended crossclaim against BYU for breach of contract under the Policy effective from 1989 to 1992.[3] BYU also filed a crossclaim for declaratory relief, which seeks, among other things: "A declaration determining, that, if the Trust's claim is not barred from asserting a substantive claim under any BYU Policy, which Policy applies to this dispute."[4]

On August 24, 2022, the Court entered an order concluding that: (1) BYU had not waived its right to compel the Trust into arbitration; and (2) the 1992 IP Policy applied.[5] The Court then administratively closed the case "while the parties pursue resolution of the matter consistent with the procedures set out in the 1992 Policy."[6] The Trust now moves for a Rule 54(b) certificate of finality so that it can appeal the Court's August 24 decision.

---

[2] *Beus Gilbert PLLC v. Donald L. Robertson Trust*, 859 F. App'x 234, 240–41 (10th Cir. 2021).

[3] Docket No. 301.

[4] Docket No. 311 at 30.

[5] Docket No. 356.

[6] *Id.* at 11.

## II. DISCUSSION

Federal Rule of Civil Procedure 54(b) provides that "[w]hen an action presents more than one claim for relief . . . the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." "Rule 54(b) establishes three prerequisites for appeal of a separate final judgment on fewer than all claims in a lawsuit: (1) multiple claims; (2) a final decision on at least one claim; and (3) a determination by the district court that there is no just reason for delay."[7]

"The purpose of Rule 54(b) is to avoid the possible injustice of a delay in entering judgment on a distinctly separate claim or as to fewer than all of the parties until the final adjudication of the entire case by making an immediate appeal available."[8] "However, Rule 54(b) preserves the historic federal policy against piecemeal appeals, a policy that promotes judicial efficiency, expedites the ultimate termination of an action and relieves appellate courts of the need to repeatedly familiarize themselves with the facts of a case."[9] "The rule attempts to strike a balance between the undesirability of more than one appeal in a single action and the need for making review available in multiple-party or multiple-claim situations at a time that best serves the needs of the litigants."[10]

---

[7] *Jordan v. Pugh*, 425 F.3d 820, 826 (10th Cir. 2005).

[8] *Okla. Tpk. Auth. v. Bruner*, 259 F.3d 1236, 1241 (10th Cir. 2001) (quotation marks and citation omitted).

[9] *Id.* (quotation marks and citation omitted).

[10] *Id.* (quotation marks and citation omitted).

"Rule 54(b) entries are not to be made routinely."[11] "[T]rial courts should be reluctant to enter Rule 54(b) orders since the purpose of this rule is a limited one: to provide a recourse for litigants when dismissal of less than all their claims will create undue hardships."[12]

> [A] certification under Rule 54(b) is only appropriate when a district court adheres strictly to the rule's requirement that a court make two express determinations. First, the district court must determine that the order it is certifying is a final order. Second, the district court must determine that there is no just reason to delay review of the final order until it has conclusively ruled on all claims presented by the parties to the case.[13]

Here, the Court cannot make either determination. First, to be considered "final," an order "must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'"[14] "The resolution of individual issues within a claim does not satisfy the requirements of Rule 54(b)."[15] Here, the Court's August 24 ruling did not render a decision upon a cognizable claim for relief. Rather, the Court resolved two individual issues that make up a part of BYU's request for declaratory judgment. BYU's declaratory judgment claims and the Trust's breach of contract claim were not fully resolved by the Court's prior decision.

Next, in considering whether there is no just reason to delay, the Court "should act as a 'dispatcher' weighing Rule 54(b)'s policy of preventing piecemeal appeals against the inequities

---

[11] *Id.* at 1242 (quotation marks and citation omitted).

[12] *Gas-A-Car, Inc. v. Am. Petrofina, Inc.*, 484 F.2d 1102, 1105 (10th Cir. 1973).

[13] *Bruner*, 259 F.3d at 1242 (internal citations omitted).

[14] *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980) (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956)).

[15] *Houston Indus. Inc. v. United States*, 78 F.3d 564, 567 (Fed. Cir. 1996) (citing *Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737, 742–43 (1976)); *see also Jewel v. Nat'l Sec. Agency*, 810 F.3d 622, 629 (9th Cir. 2015) (same).

that could result from delaying an appeal."[16] "Factors the district court should consider are 'whether the claims under review [are] separable from the others remaining to be adjudicated and whether the nature of the claims already determined [are] such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals.'"[17]

Here, the two issues the Trust seeks to appeal are not separable from the claims left to be adjudicated. They are inextricably intertwined with the parties' remaining claims. Further, there is a high chance that certification would require the circuit court to decide the same issues more than once. The issue of which IP Policy applies is inherently related to the subject matter of the remaining claims and separating those issues on appeal would all but ensure their duplicative treatment. Finally, the Trust argues that an arbitration under the 1992 IP Policy would be a waste of resources if a later appeal determines the 1992 IP Policy is not applicable. This argument fails to demonstrate any undue prejudice as a result of participating in arbitration as ordered. As such, denying certification serves the Court's interest in avoiding piecemeal litigation and results in no injustice to the parties.

III. CONCLUSION

It is therefore

ORDERED that Defendant Robertson Trust's Motion for Rule 54(b) Certification (Docket No. 357) is DENIED.

---

[16] *Stockman's Water Co., LLC v. Vaca Partners, L.P.*, 425 F.3d 1263, 1265 (10th Cir. 2005).

[17] *Id.* (quoting *Curtiss-Wright Corp.*, 446 U.S. at 8).

DATED this 6th day of December 2022.

BY THE COURT:

_____
Ted Stewart
United States District Judge