Robert S. Clark (4015)
**PARR BROWN GEE & LOVELESS, P.C.**
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
Telephone: (801) 532-7840
rclark@parrbrown.com

Chad S. Pehrson (12622)
**KUNZLER BEAN & ADAMSON, PC**
50 West Broadway Ste 1000
Salt Lake City Utah 84101
Telephone: (619) 365-9110
cpehrson@kba.law

Stephen M. Craig (12066)
(stephen_craig@byu.edu)
David M. Andersen (16352)
(david_andersen@byu.edu)
**BRIGHAM YOUNG UNIVERSITY**
A360 ASB
Provo, Utah 84602
Telephone: 801-422-4722

*Attorneys for Defendant Brigham Young University*

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **BEUS GILBERT PLLC,**<br><br>**Plaintiff,**<br><br>v.<br><br>**BRIGHAM YOUNG UNIVERSITY, WEILIN XIE, DANIEL L. SIMMONS, AND DONALD L. ROBERTSON TRUST,**<br><br>**Defendants.** | **MOTION TO CONFIRM ARBITRATION DECISION AND FOR ENTRY OF FINAL JUDGMENT**<br><br>**Case No. 2:12-CV-970-TS-CMR**<br><br>**District Judge Ted Stewart** |

Cross-defendant Brigham Young University ("BYU") moves the Court to confirm the final arbitration decision issued on December 12, 2025, in the arbitration styled *In the Matter of Donald L. Robertson Trust v. Brigham Young University*, and to enter final judgment in BYU's favor, together with such further relief as set forth below. The basis for this motion is as follows:

The arbitration panel convened pursuant to BYU's 1992 Intellectual Property Policy issued a final, written decision on December 12, 2025, resolving all claims asserted by the Donald L. Robertson Trust (the "Trust") in BYU's favor and concluding that the Trust failed to establish performance by Dr. Robertson under the policy, any breach by BYU, or entitlement to damages. The panel's decision (the "Panel Decision") is attached hereto.  The parties' dispute proceeded through a full evidentiary hearing with sworn testimony, comprehensive briefing, and post-hearing submissions, culminating in a lengthy reasoned decision that is binding on the parties under the controlling policy.

## I.    JURISDICTION AND PROCEDURAL STATUS

On August 24, 2022, this Court entered an order staying pending claims and requiring arbitration pursuant to BYU's 1992 Policy.  See, *Sealed Memorandum Decision and Order Granting in Part BYU's Motion to Stay Proceedings and for Partial Summary Judgment on Policy Procedures and Denying the Trust's Motion for Additional Discovery*, Dkt. No. 356.  The Trust continued to resist the mandated arbitration for over another year pursuing various theories (see, e.g., Motion to Reopen Case and Moton to Bar Enforcement of Dispute Resolution Clause as Unconscionable, Dkt. No. 362, 8/19/23), resulting eventually in a Memorandum Decision and Order on November 28, 2023, denying the motion to reopen the case.  Dkt. No. 368.

2

Because this Court had subject-matter jurisdiction prior to arbitration and ordered a stay pending resolution via arbitration, it retains jurisdiction to confirm the arbitration decision. The caselaw that addresses this principle frequently refers to an arbitration decision as an "award", which may technically apply to this decision even though there was no award of damages.  This retention of jurisdiction is supported by Tenth Circuit precedent: "when a court with subject-matter jurisdiction orders arbitration and then stays the suit pending resolution of the arbitral proceedings, that court retains jurisdiction to confirm or set aside the arbitral award." *Dodson Int'l Parts, Inc. v. Williams Int'l Co*., 12 F.4th 1212, 1227 (10th Cir. 2021).

### A.  BACKGROUND

The genesis of this case is a dispute over the distribution of funds that BYU recovered from Pfizer based on misappropriation of BYU's research to develop the drug Celebrex. Following a 2012 settlement payment from Pfizer (the Settlement Proceeds), a dispute arose between Dr. Daniel Simmons (whose discovery was at issue in the Pfizer case) and former BYU graduate student, Weilin Xie, regarding the appropriate attribution of developer credit and distribution of the Settlement Proceeds. As part of the dispute, attorneys for Xie requested that Xie be recognized, both by BYU and BYU's attorneys (who still held some of the Settlement Proceeds), as a developer of the technology. BYU's attorneys (Beus Gilbert) interpleaded $1 million of the Settlement Proceeds with the Court to allow resolution of the dispute (Complaint, Dkt. No. 1, 10/17/12; "Interpleader I").

Upon motion of BYU, the Court stayed Interpleader I and remanded the dispute to BYU for alternative dispute resolution pursuant to the 2001 version of BYU's intellectual property policy. Order granting Motion to Stay, Dkt. No. 88, 9/26/13; Order (continuing Motion to Stay,

Dkt. No. 90, 12/23/13.   Accordingly, in late 2013 and early 2014, Dr. Simmons and Dr. Xie participated in a University-administered dispute resolution process. During that process, the Trust's predecessor and Dr. Simmons's former colleague, Dr. Donald Robertson, provided testimony[1] to the BYU academic subcommittee that Dr. Simmons and Dr. Xie were the sole developers of the discovery leading to the Pfizer litigation.

Based in part on the testimony from Robertson, and on other evidence presented by Simmons and Xie, the academic subcommittee issued a decision that Simmons was 97% responsible for the discovery and Xie was 3% responsible. Following the decision of the academic subcommittee, BYU, Simmons, and Xie entered into a three-way settlement, intending to resolve the claims raised in Interpleader I. However, as the parties were in the process of settling, Dr. Robertson changed his position and asserted (via letters from counsel) a claim for a share of the Settlement Proceeds as well.

As it had previously done with Dr. Xie, Beus Gilbert filed an interpleader action in 2014, naming Dr. Robertson as an additional claimant (*Beus Gilbert v. Robertson*, 2:14-cv-00206-RJS, Utah District Court, Dkt. No. 1, "Interpleader II"), then successfully moved the Court to join Interpleaders I and II, which was the genesis of the present action. The Order of Consolidation was entered on May 16, 2014.  Order, Dkt. No. 105.

---

[1] Previously, during the litigation with Pfizer, Dr. Robertson was deposed and testified that he, Dr. Robertson, had no financial interest in the outcome of the Pfizer litigation, and that the project leading to the Pfizer litigation belonged to Dr. Simmons.

**B.    CONDENSED PROCEDURAL HISTORY**

1. This case has a lengthy procedural history. At present, two parties remain: the Trust and BYU. [See, e.g., First Amended Crossclaim for Brech of Contract against Brigham Young University filed by Donal Robertson, Dkt. No. 301, 6/25/2021]

2. Upon Dr. Robertson being joined to the previously filed interpleader action against Dr. Xie, BYU filed a declaratory judgment cross claim against Dr. Robertson, the Trust's predecessor-in-interest. [Dkt. No. 112, 6/2/2014].

3. Dr. Robertson answered the BYU declaratory judgment cross claim. [Dkt. No. 115, 7/2/2014.]

4. Soon thereafter, Dr. Robertson passed away and was substituted in the litigation by the Trust. The motion to substitute was filed February 5, 2015 (Dkt. No. 146) and was granted by way of a Minute Entry on November 16, 2015 (Dkt. No. 214).  When the Trust substituted in for the deceased Dr. Robertson, the Trust's counsel (new to the proceedings) elected to voluntarily dismiss the Trust's claims against Dr. Simmons and Dr. Xie and simultaneously moved the Court for leave to amend claims against BYU to allege breach of contract and misappropriation of trade secrets. [Dkt. No. 218, 12/8/2014.]

5. After extensive motion practice testing the sufficiency of a proposed amended pleading, Judge Shelby denied the motion to amend and dismissed the Trust's contract and misappropriation claims. [Order Denying Motion to Amend, Dkt. No. 263, 12/13/2019; Order of Dismissal, Dkt. No. 264, 12/13/2019.]

6. Given this dismissal, BYU elected to voluntarily dismiss its first declaratory judgment claim to bring finality to disposition of the case. [Dkt. No. 274, 4/26/2019.]

5

7. Upon appeal (Notice of Appeal, Dkt. No. 268, 3/9/2019), and following full proceedings on appeal, the Tenth Circuit reversed-in-part and affirmed-in-part Judge Shelby's dismissal. It held that the Trust plausibly alleged a breach of contract and affirmed dismissal of the misappropriation of trade secrets claim. [Mandate, Dkt. No. 288, 5/24/2021.]

8. The Trust filed a revised contract crossclaim following remand. First Amended Crossclaim for Breach of Contract [Dkt. No. 301,6/25/2021.]

9. BYU answered and filed its own crossclaim, reasserting its earlier declaratory judgment claim along with additional related material. [Dkt. No. 311. 7/16/2021.]

10. Following a number of contested motions, this court ruled in 2022 that the arbitration provision in BYU's 1992 Policy applied, stayed this civil action to allow for the arbitration to proceed, and administratively closed the case.  [Sealed Memorandum Decision, Dkt No. 356, 8/24/2022.]

11.  After additional disputed motions before this court, including the Trust's attempt to escape the arbitration provision under a theory of unconscionability (See Motion, Dkt. No. 362, 8/9/2023) , the court rejected the unconscionability argument, declined to reopen the case, and once again ordered the parties to proceed to arbitration.  [Memorandum Decision and Order, Dkt. No. 368, 11/28/2023].

## C.    COMPLIANCE OF THE PARTIES WITH 1992 ARBITRATION PROVISION AND SELECTION OF PANEL.

1.    As previously ordered by this Court, the arbitration was conducted pursuant to BYU's 1992 Intellectual Property Policy, which provides that unresolved disputes "shall be submitted for mediation" and, if unresolved, "either party may submit [the dispute] for

arbitration to a three-person panel" comprised as specified in the Policy, with the decision to be "in harmony with University policies and be binding on all parties."

2.      In January 2023, in accordance with the Intellectual Property Policy, the BYU Associate Academic Vice President for Research called upon the parties to mediate in an attempt to resolve the dispute. A live mediation was held in Provo in February 2023, but the parties were unsuccessful in resolving the dispute.

3.      In May 2023, BYU served a demand for arbitration pursuant to the 1992 Policy. By way of proceedings over the next several months, while the Trust simultaneously sought to re-open the litigation, the parties appointed two panelists, who selected a third, and a neutral legal resource assisted the panel.

4.      As explained in the Panel Decision: "In accordance with the 1992 BYU IP Policy, the Trust and BYU each identified an arbitration panel member: Stephanie Plamondon, Professor of Law at BYU Law School for the Trust, and Paul Savage, a Professor of Chemistry and Biochemistry at BYU for BYU. These two panelists, in turn, selected Bryan Howell, Professor in the Design Department at BYU, as the third panel member. The panelists also had access to a neutral and knowledgeable legal resource, Thomas Lee, Professor at BYU Law School and former Justice on the Utah Supreme Court, who provided the panelists with insight into legal terminology and procedure. All the panelists are current faculty members within the BYU community and are being compensated for their time and efforts spent on this panel." Panel Decision , at 9.

**D.    ARBITRATION PROCEEDINGS AND HEARING**

1.    The panel held an initial conference on May 22, 2024, set schedules, and received briefs, witness lists, and discovery submissions. The parties were permitted ample opportunity to prepare and present evidence.  After briefing in December 2024 and January 2025, the evidentiary hearing occurred in person on January 30–31, 2025, with post-hearing briefs submitted in February and March 2025.

2.    Based on input from the parties, the Panel set a schedule for an evidentiary hearing.  The hearing provided the Trust and BYU with five and a half hours each to present evidence, examine witnesses, and deliver opening and closing statements. Transcripts from both days' proceedings were recorded and shared with all parties.  Following the hearing, the Panel met multiple times to deliberate.  *Id*. at 9.

**E.    THE PANEL'S DECISION**

1.    The Panel Decision is lengthy, reasoned, and extremely thorough.  The panel concluded the Trust did not prove Dr. Robertson performed under the Policy by contributing to the COX-2 invention, did not timely disclose alleged contributions as required, and did not prove any breach by BYU.  Therefore, the panel did not address or award damages.  The panel's conclusion states the Trust cannot succeed on its claim and resolves the dispute in BYU's favor. *Id*.

## II.    ARGUMENT

### The Decision Should Be Confirmed and Final Judgment Entered

The 1992 Policy includes a mandatory arbitration provision that specifies the procedure to be followed.    Having followed the provision with care, the panel has rendered its decision. The panel conducted a full, fair proceeding and issued a detailed, reasoned final decision after an evidentiary hearing and extensive briefing.  As shown above, the proceedings involving the Trust's claims have been lengthy and thorough. The decision finally disposes of all issues submitted, finding that Dr. Robertson failed to perform under the Policy, that the Trust failed to prove a breach by BYU, and therefore no damages were awarded.   The decision rests on multiple, independently sufficient findings adverse to the Trust—including failure of proof on developer status, untimely disclosure, and no breach—each grounded in testimony, documents, and undisputed chronology. Confirmation should be accompanied by entry of final judgment in BYU's favor on the Trust's claims resolved by the decision.

### REQUESTED RELIEF

BYU respectfully requests that the Court:

A. Confirm the December 12, 2025, *Arbitration Decision in the Matter of Donald L. Robertson Trust v. Brigham Young University* as a final arbitration decision;

B. Enter final judgment in favor of BYU and against the Trust on all claims;

C. Authorize that any funds now held by BYU (previously interpleaded funds) be disbursed consistent with the Panel's Decision and prior agreements to which BYU is a party;

D. Award such other and further relief as is consistent with the decision and the Court's confirmation and judgment.

Respectfully submitted, this 29th day of December 2025.

**PARR BROWN GEE & LOVELESS, PC**

/s Robert S. Clark
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
Telephone: (801) 532-7840
rclark@parrbrown.com