IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| BEUS GILBERT PLLC,<br><br>Plaintiff,<br>v.<br><br>BRIGHAM YOUNG UNIVERSITY, et al.,<br><br>Defendants. | ORDER TO SHOW CAUSE<br><br>Case No. 2:12-cv-00970-TS<br><br>District Judge Ted Stewart |

On February 3, 2026, Brigham Young University ("BYU"), by and through counsel Chad Pehrson and Robert S. Clark (together, the "Plaintiff") filed its Memorandum in Opposition to the Robertson Trust's (the "Trust") Motion to Vacate[1] and its Reply in support of its Motion to Confirm Arbitration and for Judgment on the Pleadings.[2] As further detailed below, the filings are riddled with what appear to be AI hallucinated errors. Thereafter, Plaintiff filed its Notice of Errata in which it identifies at least 10 instances of hallucinations and provides corresponding corrections. Therein, it is stated that Counsel "takes full responsibility for these unfortunate errors, which were the result of counsel's insufficient cite checking procedures, independent of the use of computer-assisted technology."[3]

Fed. R. Civ. P. 11(b) provides that:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

[1] Docket No. 375.

[2] Docket No. 376.

[3] Docket No. 378, at 1.

> . . . .
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.

Of the hallucinations identified, some are of particular concern; specifically, those that purport to establish the controlling law of the dispute, as opposed to a mere tangential issue. For example, Plaintiff argued that "[v]acatur requires egregious misconduct, not disagreement with the result,"[4] and cited to *Denver & Rio Grande W. R.R. Co. v. Union Pac. R.R. Co.*, 119 F.3d 847, 849 (10th Cir. 1997), *Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 569 (2013), and Utah Code Ann. § 78B-11-123. But *Denver & Rio Grande* does not contain the terms "egregious" or "misconduct," nor does it say anything about whether "egregious misconduct" is required for vacatur. Rather, it discusses whether an arbitration award may be set aside for gross negligence as against public policy. Likewise, *Oxford Health Plans* does not contain those terms, nor does it discuss evident partiality under 9 U.S.C. § 10(a)(2). Rather, it discusses whether an arbitrator "exceeded his powers" under § 10(a)(4). While this provides a basis for vacatur, it is not one argued by the Trust.

Plaintiff also argued that "the moving party must establish that the alleged bias materially affected the outcome or deprived it of a fair hearing."[5] And further that "[a]bsent a showing that the alleged partiality actually influenced the result, the motion fails."[6] In support, Plaintiff cites to *Denver & Rio Grande* again, and *Scandinavian Reins. Co. v. Emp'rs Reins. Corp.*, 472 F. App'x 806, 812 (10th Cir. 2012). The Eighth Circuit has held that "where the parties have expressly agreed to select partial party arbitrators, the award should be confirmed unless the

---

[4] Docket No. 375, at 2.

[5] *Id*. at 10.

[6] *Id*. at 11.

objecting party proves that the party arbitrator's partiality prejudicially affected the award."[7] However, the Tenth Circuit has not adopted that standard and does not require the bias to have affected the outcome.

Further, *Denver & Rio Grande* does not contain the terms "material," "affect," "actual," "influence," or other derivative terms, nor does it discuss evident partiality. Lastly, *Scandinavian Reins. Co.* is not an existing case. The case citation exists, but belongs to *Dezhong Tian v. Holder*, 472 F. App'x 806 (9th Cir. 2012), which involves an appeal from an immigration order.

As stated above, presenting to the court a legal document certifies that the attorneys have read the document and conducted a reasonable inquiry to ensure that the legal contentions therein are "warranted by existing law," or by a nonfrivolous argument to extend, modify, or reverse it, or establish new law.[8] But, "[a] fake opinion is not 'existing law' that can support a party's legal contention,"[9] nor does it "provide a non-frivolous ground for extending, modifying, or reversing existing law, or for establishing new law."[10] Pursuant to Fed. R. Civ. P. 11(c)(3) and courts' inherent power,[11] "[a] court may order an attorney, law firm, or party to show cause why [the] conduct described . . . has not violated Rule 11(b)."

Accordingly, the Court HEREBY ORDERS Brigham Young University, Chad Pehrson, and Robert S. Clark to show cause as to why its Memorandum in Opposition (Docket No. 375)

---

[7] *Delta Mine Holding Co. v. AFC Coal Props., Inc.*, 280 F.3d 815, 822 (8th Cir. 2001).

[8] Fed. R. Civ. P. 11(b); *see Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 541–42 (1991).

[9] *Garner v. Kadince, Inc.*, 2025 UT App 80, ¶ 10, 571 P.3d 812.

[10] *Mata v. Avianca, Inc.*, 678 F. Supp. 3d 443, 461 (S.D.N.Y. 2023).

[11] *Smith v. Nw. Fin. Acceptance, Inc.*, 129 F.3d 1408, 1419 (10th Cir. 1997) ("[A] federal court possesses the authority to impose sanctions [based] on its inherent power to control and supervise its own proceedings.") (internal quotations marks and citation omitted) (cleaned up).

should not be stricken and the Motion to Vacate (Docket No. 372) considered unopposed for violation of Rule 11(b).[12] It is further ORDERED that Chad Pehrson, KNH LLP, Robert S. Clark, and Parr Brown Gee & Loveless, PC show cause as to why they should not be sanctioned for violation of Rule 11(b). Sanctions may include, but are not limited to, reimbursement of opposing counsels' attorney fees and/or payment of a monetary penalty.[13] It is further ORDERED that the Clerk's Office send a copy of this Order and a notice of the date and time of the show cause hearing to Chad Pehrson and KNH via email.

DATED July 30, 2026.

BY THE COURT:

TED STEWART
United States District Judge

[12] *See* DUCivR 7-1(f).

[13] Fed. R. Civ. P. 11(c)(1), (4).

United States District Court
for the
District of Utah
July 30, 2026

******MAILING CERTIFICATE OF THE CLERK******

RE: 2:12-cv-00970-TS
Beus Gilbert PLLC v. Brigham Young University et al

I hereby certify that on 7/30/2026, a copy of this Order and a notice of the date and time of the show cause hearing was sent via email transmission to the following:

Chad S. Pehrson
KNH
Email: cpehrson@knh.law, acoats@knh.law, cpehrson.knh.law@recap.email

Mozelle H, Deputy Clerk