IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| BEUS GILBERT PLLC,<br><br>Plaintiff,<br>v.<br><br>BRIGHAM YOUNG UNIVERSITY, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER IMPOSING SANCTIONS<br><br>Case No. 2:12-cv-00970-TS<br><br>District Judge Ted Stewart |

On September 2, 2026, counsel for Brigham Young University ("BYU"), Chad Pehrson and Robert S. Clark ("Counsel"), appeared before the Court upon an Order to Show Cause[1] after BYU filed briefing containing errors and citations that appeared to be AI-hallucinated.[2]

Prior to the issuance of the Order to Show Cause, Mr. Pehrson filed a Notice of Errata identifying and correcting twelve errors embodied in the briefing.[3] Prior to the hearing, Counsel filed a Notice of Acknowledgment wherein Counsel apologized for the harm caused by the errors and stated they had refunded opposing counsels' legal fees incurred as a result.[4] At the hearing, Mr. Pehrson stated he drafted the briefing, which included a citation to a nonexistent case and several citations to cases that do not support and are unrelated to the stated propositions, some of which misstated the controlling law of the dispute. Mr. Pehrson also stated that he relied on several AI models in drafting the briefing, including ClearBrief, Claude, ChatGPT, and Gemini.

---

[1] Docket Nos. 380, 384.

[2] *See* Docket Nos. 375, 376.

[3] Docket No. 378.

[4] Docket No. 383.

Mr. Pehrson explained that the errors resulted from his failure to review the accuracy of the legal contentions contained therein. Mr. Clark also explained his failure to perform a review of the filings prior to submission, and he informed the Court that he enrolled in a CLE course relating to the use of AI in the legal profession.

The Federal Rules of Civil Procedure provide that presenting a legal document to the court, "whether by signing, filing, submitting, or later advocating it," certifies that the attorneys have conducted a reasonable inquiry to ensure the legal contentions therein are "warranted by existing law," or by a nonfrivolous argument to extend, modify, or reverse it, or establish new law.[5] Based on Counsels' admissions at the show cause hearing, the Court finds that Mr. Pehrson and Mr. Clark violated Federal Rule of Civil Procedure 11(b) by failing to conduct a reasonable inquiry into the existence and accuracy of the legal authority cited in the briefing submitted to the Court that was riddled with AI-generated errors.

The Court takes misuse of AI, and the harm flowing therefrom, very seriously. As one court has stated:

> The Court's time is taken from other important endeavors. The client may be deprived of arguments based on authentic judicial precedents. There is potential harm to the reputation of judges and courts whose names are falsely invoked as authors of the bogus opinions and to the reputation of a party attributed with fictional conduct. It promotes cynicism about the legal profession and the American judicial system. And a future litigant may be tempted to defy a judicial ruling by disingenuously claiming doubt about its authenticity.[6]

In light of Mr. Pehrson's and Mr. Clark's accepted responsibility, and having already reimbursed opposing counsels' legal fees, the Court HEREBY ORDERS Mr. Pehrson to

---

[5] Fed. R. Civ. P. 11(b); *see Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 541–42 (1991); *Park v. Kim*, 91 F.4th 610, 615 (2d Cir. 2024) ("At the very least, the duties imposed by Rule 11 require that attorneys read, and thereby confirm the existence and the validity of, the legal authorities on which they rely.").

[6] *Mata v. Avianca, Inc.*, 678 F. Supp. 3d 443, 448–49 (S.D.N.Y. 2023).

successfully complete two (2) CLE courses related to the ethical use of AI in the legal profession and submit successful completion of each within six (6) months from the date of this order. It is further ORDERED that Mr. Pehrson pay a penalty of $2,000 and Mr. Clark pay a penalty of $1,000 to the court and file proof of payment within thirty (30) days from the date of this order.[7]

SO ORDERED.

DATED this 9th day of September, 2026.

BY THE COURT:

TED STEWART
United States District Judge

[7] *See* Fed. R. Civ. P. 11(c)(4).